## HAMBEL v. TOWER.

1. PAYMENT IN PROPERTY. In contracts for the payment of labor or property, in which no time is fixed for the performance, the claim will not be converted into a money demand, until a performance has been demanded and the maker has refused, or a reasonable time has elapsed without performance.

2. SAME. When the time and place of performance is fixed in the contract, a tender by the debtor by setting apart, at the time and place, the property specified, the title to the property passes to the creditor and the debt is discharged, though he is not present to receive it, or if he is present, refuses to receive it.

3. SAME. A tender of property must be kept good, and a failure by the debtor to deliver it when subsequently demanded by the creditor, places the *onus* of showing why it was not delivered, upon the debtor.

Hambel v. Tower.

*Appeal from Marshall District Court.*

FRIDAY, APRIL 10.

THIS suit was brought before a justice of the peace, upon a note payable in brick at the kiln of defendant. The defendant in his answer sets up:

1. That he was ready and willing to deliver the brick at his kiln on the day the note matured. 2. Set-off. 3. That the brick were ready at the kiln when the note was due, and, according to custom, the same remained in the kiln waiting for the order of plaintiff, and that he has always had the same ready for the plaintiff, whenever he might call for them.

The justice upon the trial found specially: 1. The execution of the note: 2. A readiness on the part of the defendant, at maturity, to pay, except that the brick were not designated or set apart: 3. No acceptance by plaintiff: 4. A demand, some time after the maturity of the note, but no delivery, except, but a part of the number due.

In reply to certain special issues made by the defendant, the justice found from the evidence, 1. That defendant had, at the maturity of the note, the number of brick to pay the same, ready for delivery, except that they were not taken out of the kiln and set apart: 2. That defendant proved it was usual not to take the brick from the kiln until they were called for.

Upon the facts thus found the justice rendered judgment for the plaintiff. Upon a writ of error this judgment was affirmed in the District Court, and the defendant appeals.

*Henderson & Boardman* for the appellant.

*Brown & Mercer* for the appellee.

BALDWIN, C. J.— The plea of tender, as set up by the defendant, was sufficiently specific to enable him to interpose his defense. Under the plea of tender, with an averment of readiness and willingness to perform, the defendant could introduce evidence to show that the brick were counted out and set apart for the use of the promisee.

The main point of controversy appears to have been in the court below as to whether it was the duty of the defendant, under the terms of the contract, to have the brick due the plaintiff counted out and set apart and ready for delivery at his kiln.

In contracts for labor or property, in which there is no time fixed for the delivery or performance, the promisee cannot have his claim converted into a money demand until a demand of performance has been made and the maker refuses, or a reasonable time is allowed for performance. Rev., § 1806. Where, however, the time and place of performance are fixed in the contract, it has been held that if the debtor makes a tender of the specific articles he has promised, and properly designates and sets them apart at the time and place stipulated, and the creditor is not there to receive, or refuses to accept the property, the debt is thereby discharged, and the right of property in the article thus designated and set apart passes to the creditor. See *Games* v. *Manning*, 2 G. Greene, 254, and cases cited.

How far the custom of the country in relation to counting out and setting apart bricks from a brick-kiln, should govern the rights of the parties in cases of this character, we do not think it material now to consider from the view we take of this case. It is evident the defendant did not so set apart the number of brick due the plaintiff as to pass the title of the property, or right of possession from him. If it is conceded that under the case made out by defendant, from the custom, &c., he was not required to have the brick counted and set apart and ready for plaintiff

when he called for them, yet the court did not err in rendering judgment for plaintiff. The benefit of a tender is lost by a subsequent demand and refusal, and while it appears that at the time the contract matured the defendant had the brick in his kiln, and was then ready to deliver them, yet it appears from the finding of the justice that subsequently there was a demand and no delivery except only a portion of the quantity due. Whether there was no delivery, when this demand was made, because the plaintiff was not ready to accept them, unless the whole number was counted out and set apart, or whether there was no delivery because of the fault of defendant, we are not advised. The justice finds there was no delivery, and it is with the defendant to explain why there was none. In this court the presumption is against him, and that not being rebutted the judgment is

Affirmed.